**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Andrew D. Beresin (AB 0603)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
andrew@thesamuellawfirm.com

*Attorneys for Plaintiff*

| | |
|---|---|
| JOSE ORTIZ,<br><br>*Plaintiff*,<br><br>- vs. -<br><br>GROUND SUPPORT SERVICES LLC d/b/a GSS, Daniela Garcia, and Francisco Doe,<br><br>*Defendants*. | CASE NO. ___________<br><br>**COMPLAINT** |

Plaintiff JOSE ORTIZ, by and through his undersigned attorneys, for his complaint against defendants GROUND SUPPORT SERVICES LLC d/b/a GSS, Daniela Garcia, and Francisco Doe, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff JOSE ORTIZ (hereinafter referred to as "Plaintiff" or "Mr. Ortiz"), former employee of defendants GROUND SUPPORT SERVICES LLC d/b/a GSS, Daniela Garcia, and Francisco Doe, (hereinafter collectively referred to as "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), alleges that he is entitled to recover from Defendants, jointly and severally: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid

wages for overtime work for which he did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because Defendants' violations lacked a good faith basis.

2. Plaintiff JOSE ORTIZ further complains that he is entitled to recover from Defendants: (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) liquidated damages pursuant to New York Labor Law for these violations; and (iv) statutory damages for Defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff JOSE ORTIZ is an adult individual residing in Bronx, New York.

4. Mr. Ortiz consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

5. Defendant GROUND SUPPORT SERVICES LLC, d/b/a GSS at all relevant times herein, is a domestic limited liability company organized under the laws of the State of New York with a registered corporate address of 199 Lee Avenue, Suite 1036, Brooklyn, New York, 11211, and a principal place of business at 90 Waterbury Street, Brooklyn, NY, 11206.

6. At all relevant times, defendant GROUND SUPPORT SERVICES LLC d/b/a GSS was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, defendant GROUND SUPPORT SERVICES LLC d/b/a GSS has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, defendant GROUND SUPPORT SERVICES LLC d/b/a GSS has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

9. At all times relevant herein, Defendant Daniela Garcia is/was a manager of GROUND SUPPORT SERVICES LLC d/b/a GSS, who has the power to hire and fire employees, set their wages and schedules, and maintain their records, including those of Plaintiff during his employment by Defendants.

10. At all relevant times, defendant Daniela Garcia was involved in the day-to-day operations of GROUND SUPPORT SERVICES LLC d/b/a GSS and played an active role in managing the business, including hiring, managing and supervising Plaintiff, setting his rate of pay and work schedule and paying Plaintiff.

11. At relevant times hereinm, defendant Francisco Doe was a manager of GROUND SUPPORT SERVICES LLC d/b/a GSS (hereinafter, "GSS"), who has had the power to hire and fire employees, set their wages and

schedules, and maintain their records, including those of Plaintiff during his employment by Defendant.

12. At relevant times herein, defendant Francisco Doe was involved in the day-to-day operations of GSS and played an active role in managing the business, including managing and supervising Plaintiff, setting his rate of pay and work schedule and paying Plaintiff.

13. At all relevant times, Defendants each constituted an "employer" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants' business is located in this judicial district.

## FACTS

16. At all relevant times herein, Defendants owned and operated GSS, offering various property management services including janitorial and cleaning, concierge, maintenance and security, in New York State as well several other states across the country.

17. Mr. Ortiz was employed fulltime by GSS as a building superintendent (or "super") at two Brooklyn, New York residential buildings from approximately April 19, 2023 until approximately October 7, 2026 (the "Employment Period").

18. The two buildings in which Mr. Ortiz worked for GSS as the super during the Employment Period are located at 100 Lenox Road and 142 Lenox Road, Brooklyn, New York, 11226.

19. During his employment at GSS, Mr. Ortiz duties as the super included: cleaning, maintenance of indoor and outdoor common areas (including entry areas and sidewalks), general repairs (including painting, plastering, minor electrical, plumbing and heating work), garbage & recycling collection, clearing snow & ice and salting during the winter season, as well as responding to tenant calls and work order requests on a 24/7 basis.

20. During his employment at GSS, Mr. Ortiz's work the the super as the two aforementioned buildings was performed in the normal course of Defendants' business, was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

21. At all relevant times herein, Mr. Ortiz was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

22. During his employment at GSS, from approximately April 19, 2023, until October 7, 2026, Mr. Ortiz worked a regular schedule five

days per week, Monday through Friday, from 7 a.m., until 4 p.m., an additional 20 hours per week during the late afternoons and evening Monday through Friday handling tenant calls and work order requests, and approximately two hours each Saturday and Sunday collecting and clearing accumulated garbage, trash and recyclables, with no breaks and/or days off.

23. As a result, Mr. Ortiz was working approximately 70 hours per week during his employment by Defendants.

24. During his employment at GSS during the Employment Period, Mr. Ortiz was paid for only 40 hours per week by direct deposit, at the average hourly rate of $30 per hour.

25. As a result, Plaintiff's effective rate of pay was below the statutory New York City minimum wage in effect at relevant times.

26. Defendants' failure to pay Plaintiff an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful and lacked a good faith basis because Defendants were aware that Plaintiff was working significantly more than 40 hours per week during the Employment Period.

27. In addition, Defendants failed to pay Plaintiff any overtime "bonus" compensation for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

28. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours he worked was willful and lacked a good faith basis

because Defendants set Plaintiff's work schedule and were aware that Plaintiff was regularly working in excess of 40 hours per week during his employment.

29. During the Employment Period, on multiple occasions Plaintiff communicated his concerns to defendant Garcia regarding the failure to pay Plaintiff overtime compensation, however these concerns were ignored.

30. Throughout his employment by Defendants, Plaintiff received misleading and confusing paystubs or wage statements with his pay, which did not clearly specify the total hours per week Plaintiff was being paid for, nor clearly specify the true hourly rate of wages being paid to Plaintiff for his work, causing Plaintiff financial harm resulting from his not being informed of the rate of pay of he was actually receiving for each hour worked, nor informed of the amount of hours he was being paid for on a weekly basis.

31. Defendants also failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiff's signature acknowledging the same, upon Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time. This resulted in financial harm resulting from Plaintiff not being informed of the rate of pay of he was receiving for each hour worked, nor informed of the total amount

of hours he was being paid for on a weekly basis.

32. Defendants failed to provide Plaintiff with accurate weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act resulting in financial harm to Plaintiff from his not being informed of the rate of pay of he was receiving for each hour worked, nor informed of the amount of hours he was being paid for on a weekly basis, preventing Plaintiff from knowing that he was not being compensated properly for all of his hours worked or being able to calculate the correct amount of pay he should have received for each week during his employment.

33. Upon information and belief, throughout Plaintiff's Employment Period, Defendants failed to maintain accurate and sufficient time records or provide accurate records to Plaintiff.

34. Upon information and belief, during Plaintiff's Employment Period, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I**

**(New York Labor Law – Minimum Wage)**

36. Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

37. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

38. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff compensation at least equal to or in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

39. Defendants' failure to pay compensation equal to or in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

40. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT II**
**(Fair Labor Standards Act - Overtime)**

41. Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

42. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

43. At all relevant times, Defendants failed to pay Plaintiff any overtime compensation for hours he worked in excess of forty hours per workweek.

44. As a result of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek,

Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

46. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT III**
**(New York Labor Law – Overtime)**

47. Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

49. Defendants willfully violated Plaintiff's rights by failing to pay him any overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

50. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

51. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime

compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**
**(New York Labor Law – Wage Theft Prevention Act)**

52. Plaintiff repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

35. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter, causing harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

54. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment, causing harm to Plaintiff by preventing him from receiving his lawfully owed compensation including overtime premium.

55. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day, for each day of his employment by Defendants, up to the maximum statutory damages.

56. Due to Defendants' New York Labor Law violations relating to

the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day for each day of his employment by Defendants, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of Defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

f. Liquidated damages for Defendants' New York Labor Law violations;

g. Statutory damages for Defendants' violation of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and post judgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.

Dated: November 25, 2026

*<u>/s/ Andrew D. Beresin</u>*
Andrew D. Beresin (AB 0603)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
*Attorneys for Plaintiff*